# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

**EVELYNE RUETIMANN TOPFER**

**Alleged Debtor in an Involuntary Case that has been dismissed**

| | |
|---|---|
| Case No.: | 5-18-bk-01968 RNO |
| Document No.: | 30 |
| Nature of Proceeding: | Request for Judgment Under 303(i) of the Bankruptcy Code |

## OPINION[1]

A husband and wife are parties to a divorce action in state court which is nearly four years old. The husband filed an involuntary bankruptcy petition against his wife. The involuntary petition was dismissed because of numerous deficiencies. The wife now seeks the award of professional fees and punitive damages. Professional fees are awarded in the amount of $4,360.00 and punitive damages are awarded in the amount of $2,000.00.

### I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### II. PROCEDURAL HISTORY

An involuntary Chapter 7 bankruptcy proceeding was commenced by an Involuntary Petition ("Involuntary Petition") filed by Kurt Alan Topfer ("Topfer") against Evelyne Ruetimann Topfer ("Ruetimann"), the putative debtor. ECF No. 1. On May 10, 2018, a summons was issued to Ruetimann by the Bankruptcy Clerk pursuant to Federal Rule of Bankruptcy Procedure 1010. ECF No. 4.

---

[1] Drafted with the assistance of Timothy R. Powell, Law Clerk.

1

On May 10, 2018, an order was entered to show cause why the case should not be dismissed for failure to comply with the requirements of 11 U.S.C. § 303(b).[2] ECF No. 5. A hearing on the Order to Show Cause was set for June 13, 2018.

A show cause hearing was held on June 13, 2018. At the conclusion of that hearing, an order was entered dismissing the Involuntary Petition. The dismissal order provided that the Court would retain jurisdiction to consider any request for judgment filed under § 303(i) for damages. The dismissal order further provided that any request for judgment could be filed within ninety days of the Court's order.

On June 29, 2018, Topfer filed a one-page document titled "Motion Relief from a Judgment or Order Involuntary Petition" ("Reconsideration Motion"). ECF No. 22. The Reconsideration Motion provided, in part, "PLAINTIFF WILL MOVE FOR THE COURT for an order to reconsider the judgment entered on June 13th, 2018, on the grounds that, or pursuant to Federal Rule Civil Procedure 60, and said grounds have resulted in a miscarriage of justice, . . .". ECF No. 22. A Brief was filed in support of the Reconsideration Motion. ECF No. 23. Ruetimann filed a Brief opposing the Reconsideration Motion. ECF No. 26.

On July 20, 2018, a hearing was held on the Reconsideration Motion whereby Topfer sought reconsideration of the dismissal of the Involuntary Petition. On that date, an order was entered denying the Reconsideration Motion. ECF No. 28.

On September 10, 2018, Ruetimann filed a Request for Judgment Under § 303(i) of the Bankruptcy Code ("Request for Judgment"). ECF No. 30. The Request for Judgment seeks the award of attorney's fees and costs, as well as punitive damages, in favor of Ruetimann and against Topfer.

Topfer did not file any written response to the Request for Judgment. A hearing on the Request for Judgment was held on December 18, 2018. At the hearing, Ruetimann's counsel

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

proffered what two witnesses would testify to if called to the stand. The first proffer concerned Attorney Ruth Borland, Ruetimann's counsel in the divorce action. It was proffered that Attorney Borland was prepared to testify in support of the additional attorney's fees incurred by reason of the Involuntary Petition.

The second proffer concerned Juliane von Schmeling, who has Ruetimann's power of attorney. Ruetimann resides in Switzerland, and von Schmeling attended court hearings and assisted in communications between legal counsel and Ruetimann.

Ruetimann did not attend the hearing on the Request for Judgment. Her counsel argued Ruetimann suffered emotional distress by being thrown into an involuntary bankruptcy proceeding. She also argued that the Involuntary Petition was filed in bad faith and would, thus, also sustain an award of punitive damages. Attached to the Request for Judgment are detailed time records showing the services rendered, the time expended, and the amounts charged by Attorney Borland and Ms. von Schmeling.

Topfer argued that the Involuntary Petition was not frivolous and was filed without malicious intent. When questioned by me, he testified that he would not file another involuntary petition against Ruetimann. He also offered that he would not have filed the Involuntary Petition in the first place, if he had legal counsel. Topfer maintained that he thought that filing the Involuntary Petition would somehow aid in the payment of the homeowners' insurance premiums or the homeowners' association dues for two real properties which are jointly owned by Ruetimann and him.

Those readers who wish to gain a better understanding of the legal history between Topfer and Ruetimann can review *In re Topfer*, 587 B.R. 622 (Bankr. M.D. Pa. 2018) ("Adversary Proceeding"). That matter concerns an adversary proceeding filed in Topfer's own voluntary Chapter 7 case, which was commenced by a petition he filed on May 9, 2018. Topfer filed the adversary proceeding, by way of a notice of removal; whereby he removed from state

court a divorce proceeding between Ruetimann and him which has been pending in the Court of Common Pleas of Luzerne County since June 14, 2015 ("Divorce Action"). In *Topfer*, I permissively abstained, granted Ruetimann limited relief from the automatic stay, and remanded the Divorce Action to state court.

Pursuant to Federal Rule of Evidence 201, I will take judicial notice of the underlying docket entries, and other matters not reasonably subject to dispute in this involuntary Chapter 7 case, as well as those in the voluntary Chapter 7 case filed by Topfer to Case No. 5-18-bk-01966 RNO. I also take judicial notice of the docket entries in the Adversary Proceeding. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, No. 85-00759F, 1991 WL 284107, at *12 n.19 (Bankr. E.D. Pa., Jan. 11, 1991).

The Request for Judgment is now ripe for decision.

### III. DISCUSSION

#### A. Dismissal of the Involuntary Petition

My Order of June 13, 2018, dismissed the Involuntary Petition. That Order contained nine numbered findings. Those findings included:

> 2. The Involuntary Petition only bears the signature of Kurt A. Topfer as a petitioner.
>
> 3. Paragraph 13 of the Involuntary Petition does not identify any claim that the Petitioning Creditor [Topfer] holds against the Putative Debtor [Ruetimann].
>
> 5. The claims listed in Paragraph 13 of the Involuntary Petition, none of whom are held by a signing petitioning creditor, total the sum of $6,252.44.
>
> 8. The Involuntary Petition does not comply with the minimum requirements of either § 303(b)(1) or § 303(b)(2) of the Bankruptcy Code.

An involuntary petition can be filed by three or more entities holding at least $15,775.00 of non-contingent, unsecured and undisputed claims against the debtor. 11 U.S.C. § 303(b)(1); *In*

re *Forever Green Athletic Fields, Inc.*, 804 F.3d 328, 333 (3d Cir. 2015); *In re Express Car & Truck Rental, Inc.*, 440 B.R. 422, 433 (Bankr. E.D. Pa. 2010).

Alternatively, if the debtor has fewer than twelve such creditors, an involuntary case may be commenced by a single creditor who holds a claim of at least $15,775.00. 11 U.S.C. § 303(b)(2); *In re Taub*, 438 B.R. 761, 770 (Bankr. E.D.N.Y. 2010) (decided when statutory minimum was $14,425.00); *In re Tichy Elec. Co., Inc.*, 332 B.R. 364, 372 (Bankr. N.D. Ia. 2005).

I repeated some of the findings from the dismissal order only to illustrate how deficient the Involuntary Petition was. Topfer has appeared pro se, as a self-represented party, throughout these proceedings and in his own voluntary Chapter 7 case. Clearly, Topfer has the right to represent himself. While I may read his papers more liberally, I cannot excuse his failure to meet threshold legal requirements.

During the June 13, 2018, show cause hearing, Topfer admitted that he did not consult with an attorney about the legal requirements before he filed the Involuntary Petition. Ruetimann's bankruptcy counsel has described the Involuntary Petition as "facially invalid." The Court agrees with that characterization.

The fact that the Involuntary Petition was filed with so many deficiencies suggests that the filing may have been done for an improper purpose, such as harassment or delay. Further, the filing suggests that Topfer failed to make a reasonable inquiry before he filed the Involuntary Petition.

**B.    Request for Attorney's Fees and Costs**

The Bankruptcy Code provides:

> (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment--
>     (1) against the petitioners and in favor of the debtor for--
>         (A) costs; or

5

Case 5:18-bk-01968-RNO    Doc 40    Filed 01/03/19    Entered 01/03/19 13:44:55    Desc
Main Document     Page 5 of 10

(B) a reasonable attorney's fee . . .

11 U.S.C. § 303(i)(1).

It has been noted that the majority rule is that, typically, a judgment for costs and fees is entered upon the dismissal of an involuntary petition. *In re Skyworks Ventures, Inc.*, 431 B.R. 573, 576 (Bankr. D.N.J. 2010); *In re Silverman*, 230 B.R. 46, 50-51 (Bankr. D.N.J. 1998). I conclude that the majority rule is consistent with the statutory language of § 303(i). Here, the Involuntary Petition has been dismissed and Ruetimann clearly has not waived her right to seek a judgment for costs and fees. As noted above, attached to the Request for Judgment were itemizations of the professional fees and costs sought by Ruetimann. Topfer has not challenged any of the professional fees or costs.

I reviewed the time entries and the amounts charged by Attorney Borland, Ruetimann's divorce counsel. I find that the charges are reasonable and commensurate with the value of the services provided and the nature and needs of this case. My judgment will include an award of $710.00 for Attorney Borland's services.

I also reviewed the time entries and amounts charged by Doran & Doran, P.C., Ruetimann's bankruptcy counsel. I find that the charges are reasonable and commensurate with the value of the services provided and the nature and the needs of this case. My judgment will include an award of $1,788.00 for Doran & Doran's services.

Further, I reviewed the time entries and amounts charged by Ms. von Schmeling, Ruetimann's agent under a power of attorney. Generally, I find the charges to be reasonable and commensurate with the value of the services provided and the nature and the needs of this case. However, I note that for the June 13, 2018, show cause hearing, Ms. von Schmeling charged two hours at $140.00 per hour. Attorney Borland charged .8 of an hour for that hearing, as did Doran & Doran. I will reduce the time charges sought by Ms. von Schmeling by 1.2 hours. The Request

6

for Judgment sought $2,030.00; this will be reduced by $168.00. My judgment will include an award of $1,862.00 for Ms. von Schmeling's services.

The total costs and fees awarded are $4,360.00.

Ruetimann also seeks to recover punitive damages from Topfer. Such a recovery requires an additional showing; that Topfer "filed the petition in bad faith." 11 U.S.C. § 303(i)(2). I will address the question of punitive damages next.

### C. Request for Punitive Damages

Punitive damages are generally awarded to punish a party for his outrageous conduct and to deter him, and others like him, from engaging in similar conduct in the future. In assessing punitive damages, the fact finder can consider the character of the party's acts. It can also consider the nature of and the extent of harm suffered by the injured party. The fact finder also can properly consider the wealth of the party against whom punitive damages are sought. *Neal v. Carey Canadian Mines, Ltd.*, 548 F.Supp. 357, 375 (E.D. Pa. 1982) (denying motion for judgment n.o.v. for asbestos exposure liability). Punitive damages may also be imposed to deter the wrongdoer, and others like him, from engaging in similar conduct in the future. *In re Frankel*, 391 B.R. 266, 275 (Bankr. M.D. Pa. 2008).

In the Bankruptcy Code, Congress allowed for the imposition of more severe sanctions when an involuntary petition is dismissed, and it was filed in bad faith:

> (i) If the court dismisses a petition under this section . . .
>     (2) against any petitioner that filed the petition in **bad faith**, for--
>         (A) any damages proximately caused by such filing; or
>         (B) punitive damages.

11 U.S.C. § 303(i)(2) (emphasis added).

Thus, when an involuntary petition is filed in bad faith, that can lead to dismissal of the petition, and to the imposition of punitive damages. Whether the involuntary petition was filed in

7

bad faith is determined by considering the totality of the circumstances. *Forever Green*, 804 F.3d at 336.

The totality of the circumstances inquiry is a fact intensive review and a court may properly consider:

> A number of factors, including, but not limited to, whether: the creditors satisfied the statutory criteria for filing the petition; the involuntary petition was meritorious; the creditors made a reasonable inquiry into the relevant facts and pertinent law before filing; there was evidence of preferential payments to certain creditors or of dissipation of the debtor's assets; the filing was motivated by ill will or a desire to harass; the petitioning creditors used the filing to obtain a disproportionate advantage for themselves rather than to protect against other creditors doing the same; the filing was used as a tactical advantage in pending actions; the filing was used as a substitute for customary debt-collection procedures; and the filing had suspicious timing.

*Id.*

In *Forever Green*, the Third Circuit found that the bankruptcy court did not abuse its discretion in finding that the petitioning creditor filed the involuntary petition in bad faith. The bankruptcy court found that the involuntary petition was filed as a litigation strategy in order to force the payment of a claim held by the creditor's company and to deter the putative debtor from pursuing its claim against the petitioning creditor's company. *Id.*

Numerous factors concerning the Involuntary Petition lead me to conclude that it was filed in bad faith. I have already noted several of the many deficiencies which led to me to conclude that the Involuntary Petition was facially invalid. I also reiterate my finding that Topfer failed to make a reasonable inquiry into the pertinent law before he filed the Involuntary Petition.

The timing of the filing of the Involuntary Petition evidences Topfer's misuse of the bankruptcy process as a litigation tactic to delay the conclusion of the Divorce Action. A Master's Report and Recommendation was filed in the state court on March 20, 2018. Topfer filed Exceptions to the Master's Report and a hearing on his Exceptions was scheduled for June 7, 2018. *Topfer*, 587 B.R. at 631. Topfer's own Chapter 7 petition, and the Involuntary Petition,

8

were filed on May 9, 2018. Further, the adversary proceeding – where Topfer sought to remove the Divorce Action to this Court – was filed on June 6, 2018.

I find that the Involuntary Petition was filed to delay a decision in the Divorce Action concerning the equitable distribution of the marital assets between Topfer and Ruetimann. I also find that the Involuntary Petition was improperly filed in a vain attempt by Topfer to gain an advantage over Ruetimann in the Divorce Action.

Topfer magnified the harm caused by the Involuntary Petition when he filed the Reconsideration Motion. This filing increased Ruetimann's attorney's fees and costs. The Reconsideration Motion also lengthened the time during which Ruetimann had to suffer the worry and uncertainty caused by the filing of the Involuntary Petition against her.

One of the purposes of punitive damages is to deter similar bad acts in the future. The deterrence should be directed not only against the petitioning creditor, but also against others who might consider similar actions in the future. *In re Fox Island Square Partnership*, 106 B.R. 962, 968 (Bankr. N.D. Ill. 1989); *In re McDonald Trucking Co., Inc.*, 74 B.R. 474, 482 (Bankr. W.D. Pa. 1987).

Throughout this proceeding, Topfer has neither taken responsibility, nor apologized for, the deficient Involuntary Petition which he filed. I find that the assessment of punitive damages here can serve the dual purposes of specific and general deterrence.

I do not have a significant record concerning Topfer's ability to pay punitive damages. However, the schedules in his Chapter 7 case show significant, apparent equity in two improved real properties owned jointly by Topfer and Ruetimann. Further, Ruetimann's counsel has continuously maintained that any damages awarded by this Court can lead to an appropriate adjustment when the state court finally determines equitable distribution in the Divorce Action.

In light of all of the above findings and based upon the bad faith filing of the Involuntary Petition, I award Ruetimann punitive damages against Topfer in the amount of $2,000.00.

## IV. CONCLUSION

Consistent with the foregoing, judgment will be entered in favor of Ruetimann and against Topfer in the amount of $4,360.00 for attorney's fees and costs. My judgment will also include an award in favor of Ruetimann and against Topfer in the amount of $2,000.00 for punitive damages.

By the Court,

Robert N. Opel, II, Chief Bankruptcy Judge (BI)

January 3, 2019

10

Case 5:18-bk-01968-RNO    Doc 40    Filed 01/03/19    Entered 01/03/19 13:44:55    Desc
Main Document    Page 10 of 10